PER CURIAM:
1|Writ granted in part. In 2003, relator was indicted for the second degree murder of Larry Lawrence. In 2010, an Orleans Parish jury found relator guilty of manslaughter. Before this verdict, relator was tried twice for the crime and each trial ended in a mistrial. The district court sen *704 tenced him to 25 years imprisonment at hard labor without observing the 24-hour sentencing delay required by La.C.Cr.P. art. 893. The court of appeal affirmed the conviction and sentence. State v. Francis, 11-1082 (La. App. 4 Cir. 11/7/12), 2012 WL 6619022 (unpub’d), writ denied, 12-2575 (La. 5/3/13), 113 So.3d 209. As an error patent, the court of appeal noted that the district court failed to observe the 24-hour sentencing delay but found that the error was harmless because relator did not challenge the sentence on appeal. One member of the panel dissented from that determination:
The evidence at trial strongly suggests that a delay in sentencing would have allowed Mr. Francis the time necessary to furnish even more mitigating evidence to the sentencing judge. And the hastily imposed twenty-five year sentence does not seem to reflect a well-considered judgment about the characteristics of both the offender and the offense.
Francis, 11-1082, p. 10 (Bonin, J., concurring in part and dissenting in part).
|20n May 1, 2014, relator filed an application for post-conviction relief in the district court in which he claimed he received ineffective assistance of trial and appellate counsel and that he is actually innocent of the crime, which the district court summarily denied. Under the circumstances presented here, the district court erred to the extent it rejected relator’s claims of ineffective assistance of appellate counsel without conducting an evidentiary hearing.
On appeal, counsel assigned three errors. Notably absent from them was a claim that the evidence was insufficient to support the conviction when viewed under the due process standard of Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Although relator does not have the right to designate the issues counsel must raise on appeal, Jones v. Barnes, 463 U.S. 745, 751-53, 103 S.Ct. 3308, 3312-13, 77 L.Ed.2d 987 (1983), relator is entitled to relief if he shows both that counsel erred by “ignor[ing] issues ... clearly stronger than those presented,” Smith v. Robins, 528 U.S. 259, 288, 120 S.Ct. 746, 765, 145 L.Ed.2d 756 (2000) (citation and internal quotation marks omitted), and there was a “reasonable probability” that he would have prevailed on the claim on appeal, Mayo v. Henderson, 13 F.3d 528, 533-34 (2d Cir. 1994). Given the facts that relator claimed at trial that he acted in self-defense (and that the victim was the aggressor), two preceding trials ended in a mistrial, and the jury returned a lesser responsive verdict after the third trial, that omission under those circumstances presents a reasonable likelihood that counsel erred by ignoring an issue clearly stronger than those presented and that relator would have prevailed on the claim on appeal. Therefore, the district court erred in not affording relator an opportunity to prove that claim at an evidentiary hearing. See generally La.C.Cr.P. art. 930(A) (“An evidentiary hearing for the taking of testimony or other evidence shall be ordered whenever there are questions of fact which cannot be properly resolved ^pursuant to Articles 928 and 929.”). In addition, counsel did not claim on appeal that the sentence is unconstitutionally excessive. Considering the facts that the 25-year sentence is substantial, the claim was preserved for review by filing a motion to reconsider sentence, and the district court failed to observe the sentencing delay — and in light of the dissenting view on appeal — this claim also merits further evidentiary development. Although La.C.Cr.P. art. 930.3 “provides no basis for review of claims of excessiveness or other sentencing error post-conviction,” State ex rel Melinie v. State, 93- *705 1380 (La. 1/12/96), 665 So.2d 1172, relator’s complaint that counsel erred by failing to challenge the sentence on appeal is cognizable post-conviction and, in fact, must be addressed on collateral review if it is to be addressed at all. Therefore, we grant relator’s application, in part to remand to the district court to conduct an evidentiary hearing on relator’s claims that appellate counsel rendered ineffective assistance by failing to challenge the evidence as insufficient and the sentence as excessive. The application is otherwise denied. GRANTED IN PART AND REMANDED
Clark, J., dissents in part.
Crichton, J., additionally concurs and assigns reasons.
Genovese, J., would deny the writ.